___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

FEB 15 2017

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL MOMENT, #16-02335. | * |
| Plaintiff. | * |
| v. | * Civil Action No. PWG-16-3968 |
| ROBERT L. GREEN, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Michael Moment filed this Complaint pursuant to 42 U.S.C. § 1983 with a Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, on December 12, 2016. For reasons to follow, I shall grant the Motion for Leave to Proceed in Forma Pauperis for the purpose of preliminary screening and dismiss the Complaint.

### BACKGROUND

Moment complains that he is illegally held at the Montgomery County Jail.[1] Defendant Robert L. Green is Director of the Montgomery County Department of Correction and Rehabilitation. Moment alleges that he informed Green that he was being illegally detained

---

[1] At the time he filed the Complaint, Moment was housed at the Montgomery County Detention Center at 1307 Seven Locks Road in Rockville, Maryland. ECF No. 1. Moment has since provided the Court with a different address in Laurel, Maryland. ECF No. 4. It is unclear whether his new address is for mailing purposes only or if he remains at the Montgomery County Detention Center. When a defendant is released on his own recognizance prior to sentencing, he still is "in custody' because he [is] subject to restraints not shared by the public generally." *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) (internal quotation marks and alterations omitted)).

because the judge who ordered his detention lacked authority to do so. Moment faults Green for continuing to detain him and seeks $5 million dollars in damages.[2]

Moment filed the Complaint under 28 U.S.C. §1915, which permits an indigent to commence an action in federal court without prepaying the filing fee. To protect against abuse of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted" or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(ii), (iii); 28 U.S.C. §1915A(b)(1), (2). This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Moment's. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate."); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

On November 7, 2011, Moment was sentenced to a term of incarceration to be followed supervised probation. After a hearing held on August 2, 2016, Moment was found guilty of violating his probation. Docket No. 278, *Maryland v. Moment*, No. 117643C (Cir. Ct. Montgomery Cty., Md. Aug. 2, 2016). His sentencing is scheduled for February 13, 2017.

---

[2] Moment's claims are based on allegations similar to those he presented in other recently filed cases. *See Moment v. Denai*, Civil Action No. PWG-16-3976 (D. Md.); *Moment v. Mortel*, Civil Action No. PWG-16-3966 (D. Md); *Moment v. Malagari,* Civil Action Nos. PWG-16-2535 and PWG-16-2536 (D. Md).

Docket No. 303 *Maryland v. Moment*, No. 117643C (Cir. Ct. Montgomery Cty., Md. Jan. 12, 2017).

To extent that Moment seeks damages under a 42 U.S.C. §1983 related to his confinement arising from his violation of probation charges and conviction, he is barred from so doing so at this time. Assuming that a colorable constitutional claim has been stated, where an inmate's success in a § 1983 damages action would implicitly call into question the validity of the underlying conviction or duration of confinement, the inmate must first "achieve favorable termination of his available state or federal habeas opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Moment does not allege, nor does the record reflect, that he has done so in regard to his conviction. Because a judgment in Moment's favor would necessarily imply the invalidity of his conviction, the Complaint will be dismissed without prejudice.

## Conclusion

For these reasons, this Court will deny and dismiss the Complaint without prejudice in a separate order which follows.

February 15, 2017
Date

Paul W. Grimm
United States District Judge